FILED

08/11/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0873

DA 25-0873

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 192N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JASON T. CARLSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DC-2025-58
Honorable Heather Perry, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jason Carlson, Self-Represented, Lewistown, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Jeff Sealey, Assistant
Attorney General, Helena, Montana

Kent Sipe, Fergus County Attorney, Lewistown, Montana

Submitted on Briefs: July 15, 2026

Decided: August 11, 2026

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jason T. Carlson appeals from the Order of the Tenth Judicial District Court, Fergus County, dismissing his appeal from Justice Court because it was untimely. We affirm.

¶3 Carlson was convicted by a jury in Fergus County Justice Court of Fishing Without a License on October 8, 2025. Pursuant to § 46-17-311(2), MCA, and Title 25, Chapter 30, Rule 5(b)(3) of the Montana Uniform Municipal Court Rules of Appeal to District Court, Carlson was required to file a written notice of intention to appeal with the District Court within 10 days, not including weekends or holidays, of the judgment. *State v. Pizzola*, 283 Mont. 522, 524, 942 P.2d 709, 710 (1997). Carlson's Notice of Appeal was untimely and the District Court dismissed his appeal for failure to timely file an appeal.

¶4 We review a district court's appellate decisions under the same standard that would have been applied if the case had been appealed to this Court directly. *City of Great Falls v. Kuntz*, 2024 MT 2, ¶ 8, 415 Mont. 1, 541 P.3d 766. We review a district court's application of the law to undisputed facts, including timeliness determinations, de novo. *City of Great Falls*, ¶¶ 8-10.

¶5 Carlson does not dispute that his appeal was untimely. Carlson argues that his untimeliness was "not due to any deliberate and intentional failure," and that, as a pro se

litigant, this Court should grant him "wider latitude" because it is in the interest of justice and would not prejudice the State.

¶6 While we have recognized that equitable principles will in some cases excuse strict compliance with a categorical time bar, "good cause" for such relief necessarily requires a "legally sufficient reason." *City of Helena v. Roan*, 2010 MT 29, ¶ 13, 355 Mont. 172, 226 P.3d 601. A legally sufficient reason requires, at a minimum, reasonable effort to pursue one's legal rights. *BNSF Ry. Co. v. Cringle*, 2012 MT 143, ¶ 21, 365 Mont. 304, 281 P.3d 203. Carlson has not presented us with a reason *for* his untimely filing. Instead, he argues that his untimely filing should be excused because it was not "deliberate and intentional" and because he is self-represented and accepting his untimely filing would not prejudice the State. The District Court correctly dismissed Carlson's appeal.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct. The District Court's Order dismissing Carlson's appeal is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M. BIDEGARAY
/S/ LAURIE McKINNON
/S/ JIM RICE